86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernest C. LOFTIS, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 94-36198.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided May 31, 1996.
 
 Before: GOODWIN, SKOPIL and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest C. Loftis, claimant, appeals the district court's judgment affirming the Commissioner's determination that he is not entitled to disability insurance benefits. Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards. Gomez v. Chater, 74 F.3d 967, 970 (9th Cir.1996). We affirm.
 
 
 3
 We reject claimant's contention that the ALJ erred by finding that his psoriasis does not meet or equal the listing for skin impairments, 20 C.F.R. pt. 404, app. 1, §§ 8.00, 8.05. Substantial evidence exists in the record that claimant's psoriasis does not meet the characteristic and durational requirements listed in appendix 1. See Young v. Sullivan, 911 F.2d 180, 184 (9th Cir.1990).
 
 
 4
 We also reject claimant's contention that the ALJ erred by determining that he can perform work other than his past relevant work. We address in turn each of the arguments claimant makes in support of this contention.
 
 
 5
 The ALJ provided "clear and convincing reasons" for disbelieving claimant's testimony that his psoriasis prevents him from virtually all work involving the use of his hands and that his loss of concentration causes him to walk off the job. See Lester v. Chater, 81 F.3d 821, 833 (9th Cir.1996). The ALJ disbelieved claimant's assertions about his psoriasis because they conflict with his medical reports and his daily life. The ALJ disbelieved claimant's loss of concentration testimony because claimant had previously exhibited a tendency to exaggerate his functional limitations, a tendency documented by the staff of the V.A. medical center in Texas. Although claimant's medical records note that he has trouble concentrating, nothing indicates a severity to the degree he claims. In addition, there is no medical evidence in the record suggesting that claimant's exaggerations are the product of psychological conditions beyond his control. See Polny v. Brown, 864 F.2d 661, 664 (9th Cir.1988).
 
 
 6
 Contrary to claimant's contention, the hypothetical posed by the ALJ to the vocational expert did consider all of claimant's physical and mental limitations. In particular, the ALJ instructed the vocational expert to consider claimant's "problems from psoriases [sic], swelling and blistering of the hands and feet." Additionally, the ALJ noted that claimant "would not be suited to work with the general public and that work that would entail frequent interaction with coworkers would also not be appropriate."
 
 
 7
 We reject claimant's contention that the ALJ failed to develop the record concerning his mental residual functional capacity to perform other work. Although the ALJ should request a medical source statement, the record in this case otherwise indicates what claimant is capable of performing despite his mental impairments. At the time of the hearing, claimant was working full time at the geriatric care unit of the V.A. domiciliary, requiring him to interact with coworkers and patients. Thus, despite claimant's mental impairments, there is substantial evidence to support the ALJ's determination that he remains capable of functioning in a work environment.
 
 
 8
 Finally, we reject claimant's argument that the ALJ erred by not finding him disabled based on the vocational guidelines. See 20 C.F.R. § pt. 404, subpt. p, app. 2, ex. 1. Example 1, involving a claimant limited to sedentary work, is inapplicable to this case because here the ALJ found that claimant has the residual functional capacity for "light work with restrictions."
 
 
 9
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, the Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, pursuant to section 106(d) of Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule Appellate Procedure 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3